IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/<br>　　　　　Respondent,<br><br>　　vs.<br><br>VINCENT RAY GRANT,<br><br>　　　　　Defendant/<br>　　　　　Petitioner. | No. CR-F-05-479 OWW<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) - CRACK COCAINE |

Petitioner Vincent Ray Grant, proceeding *in pro per*, has filed a motion for reduction of sentence. Because of the reference in Petitioner's motion to cocaine base, the Court deems the motion to be made pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines, made retroactive by Amendment 713.

Section 3882(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except

1

> that -
>
> ...
>
> **(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

Petitioner pleaded guilty pursuant to a written Plea Agreement to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count XIX or 19); possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count XX or 20); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count XXV or 25).

The Presentence Investigation Report calculated the base offense level with regard to Counts 19 and 20 pursuant to USSG § 2D1.1(c)(1) as 26; increased the base offense level by 2 points pursuant to USSG 2D1.1(b)(1) for possession of a dangerous weapon, resulting in an adjusted base offense level for Counts 19 and 20 of 28. The base offense level for Count 25 was 28. The combined offense level was increased by 2 points pursuant to USSG 3D1.4 (multiple-count adjustment), resulting in a combined adjusted offense level of 30. The PSR determined that Petitioner was a career offender within the meaning of USSG 4B1.1 and

determined that the base offense level was 34 rather than the lower adjusted offense level of 30. The base offense level of 34 was reduced by 3 points for acceptance of responsibility, resulting in a total offense level of 31. Petitioner's criminal history category was VI. The PSR reported a guideline range of 188 to 235 months for Counts 19 and 20 and 120 months for Count 25 and recommended a sentence of 235 and 120 months to be served concurrently. Pursuant to the Government's motion, Petitioner was sentenced to 164 months on Counts 19 and 20 and 120 months on Count 25, to be served concurrently, for a total term of 164 months.

Petitioner's motion for reduction of sentence must be denied. Amendment 706 reduces the sentencing disparity between offenses involving powder cocaine and crack cocaine by adjusting downward by two points the base offense levels assigned to various quantities of crack cocaine in the Drug Quantity Table in USSG § 2D1.1. However, where a defendant qualifies as a career offender, USSG § 4B1.1 establishes an alternate sentencing scheme based on the statutory maximum sentence for the offense. In *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir.2009), the Ninth Circuit held that "a career offender sentenced pursuant to § 4B1.1 is not eligible for a sentence reduction under Amendment 706." Here, Petitioner's offense level was calculated pursuant to § 4B1.1, and not pursuant to § 2D1.1. Therefore, under the first prong of Section 3582(c)(2), a drug offense sentence that is "based on" a sentencing range calculated under § 4B1.1 because

the Petitioner was a career offender cannot have been "based on" a sentencing range calculated under the § 2D1.1 drug amount. *Id.*

For the reasons stated, Petitioner Vincent Ray Grant's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

Dated:   **March 9, 2010**               /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE